HARRY PEW, PROSECUTOR, v. COMMISSIONERS OF FIRE DISTRICT NUMBER 1, IN THE TOWNSHIP OF CHESTER, ETC., ET AL., RESPONDENTS.

Submitted March 17, 1921—Decided June 1, 1921.

1. An award by a public body of a contract for the doing of work or the purchase of supplies made after advertisement and competitive bidding, must be according to the terms advertised to prospective bidders, so that all may be on the same footing.
2. An advertisement for competitive bids to furnish a fire engine called for a truck with a pumping system and body to carry one thousand two hundred and fifty feet of hose, "each part proposed to be furnished to be separately specified by the bidder and separately priced." *Held*, that the contract could not be awarded on a lump bid for the entire apparatus.

On *certiorari.*

Before Justices Swayze, Parker and Black.

For the prosecutor, *George B. Evans.*

For the respondent fire district, *Samuel K. Robbins.*

For the Obenchain Boyer Company, *G. Doré Cogswell.*

The opinion of the court was delivered by

Parker, J. The prosecutor, as a resident and freeholder in the fire district above named, challenges the award of a contract by the commissioners to Obenchain Boyer Company for the purchase of a fire engine. There was competitive bidding, after advertisement, and the contract was awarded to the above company as the lowest bidder. It seems to have submitted the lowest bid for the complete apparatus, but we conclude the award must be set aside, for reasons presently to be given.

The advertisement for bids called for three main items as follows:

"No. 1. One motor truck not less than 2½-ton with solid tires and lighting and starting system, on which is to be mounted a complete pumping unit capable of delivering no less than 250 gallons of water per minute at 120 pounds pump pressure, and a body equipped to carry 1,250 feet of hose and other equipment necessary to make same a complete fire pumping apparatus, each part proposed to be furnished to be specified separately by the bidder and separately priced.

"No. 2. One one-ton motor truck with solid tires on which is to be mounted triple tank chemical equipment, and other equipment necessary to make same a complete chemical outfit; each part proposed to be furnished to be specified separately by the bidder and separately priced."

No. 3 was for one thousand feet of hose, not now in question.

The advertisement contained, besides the usual reservation of right to reject any and all bids, the following general clause: "No bids will be considered from any except well-known manufacturers or distributors of fire apparatus, whose equipment meets with the requirements of the National Board of Fire Underwriters in every particular."

The present controversy relates to the contract for the two and one-half-ton truck and apparatus under item No. 1. The proofs show, and it is not denied, that not one bid was received in which the truck, the pumping outfit and the body equipped to carry hose were priced separately. Two bids were received for the complete apparatus, and one of these, the Obenchain Boyer bid, was accepted as the lowest. It must be obvious that if the advertisement called for separate pricing of the component parts of the truck, the award was illegally made; for, if the contract is awarded on some other basis than that advertised, the bidders are not on the same footing, and this is the express purpose of the statutory competition. *Shaw* v. *Trenton,* 49 *N. J. L.* 339; reversed on another ground, *Id.* 638; *Van Reipen* v. *Jersey City,* 58 *Id.* 262; *Case* v. *Trenton,* 76 *Id.* 696; *Browning* v. *Freeholders,* 79 *Id.* 494. It is no

answer to say that both bids were for a lump sum; for there is no telling how many other and lower bids there might have been on that advertised basis.

It is suggested that the clause of separate pricing of each part refers to separation of the three main items, the two trucks and the hose; but, in our estimation, the language is too plain for argument.

This disposes of the case; but it may be well to add that it seems at least most doubtful whether a restriction of bidders to "well-known manufacturers or distributors of fire apparatus" is a proper restriction; for it purports to shut out the concern of high standards, whose equipment may be entirely satisfactory to the underwriters and whose responsibility may be unquestionable, but which has not yet been long enough in the business to count as a "well-known" concern. In fact, the proofs indicate that the successful bidder was not in the specified class of manufacturers or distributors.

For the main reason, that the award was not consonant with the advertisement, the award and contract will be set aside, with costs.